IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00191-CR

 

Joe Dale Lynch,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 211th District Court

Denton County, Texas

Trial Court No. F-2005-0921-C

 



MEMORANDUM  Opinion



 








            A jury convicted Joe Dale Lynch of evading
arrest in a vehicle, elevated by a prior evading arrest conviction to the level
of a third degree felony.  The jury assessed his punishment at ten years’
imprisonment.  Lynch contends in his sole issue that the court abused its
discretion by denying his motion for new trial premised on juror misconduct. 
We disagree and will affirm.

            Article 36.22 of the Code of Criminal
Procedure provides in pertinent part, “No person shall be permitted to converse
with a juror about the case on trial except in the presence and by the
permission of the court.”  Tex. Code
Crim. Proc. Ann. art. 36.22 (Vernon 2006).  “The defendant must be
granted a new trial  .  .  .  when a juror has talked with anyone about the
case.”  Tex. R. App. P. 21.3(f).

            The defendant bears the burden of
proving that a juror talked with another person about the case.  See Hughes
v. State, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000); Stults v. State,
23 S.W.3d 198, 206-07 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  When
the defendant satisfies this burden, harm is presumed.  See Hughes, 24
S.W.3d at 842; Stults, 23 S.W.3d at 206.  However, the State may rebut
this presumption by showing “that the case was not discussed” or “nothing
prejudicial to the accused was said.”  Thomas v. State, 699 S.W.2d 845,
853 (Tex. Crim. App. 1985); see also Stults, 23 S.W.3d at 206 (State may
“rebut this presumption by showing no injury or prejudice”).

            Here, an allegation that Lynch had
attempted to contact the juror in question was called to the trial court’s
attention after voir dire and before opening statements.  The attorneys asked
that the juror be brought into the courtroom for questioning.  The juror
testified that, after voir dire the day before, he went to the store his family
owns in Sanger.  His father told him that Lynch knows him.[1] 
As the juror explained, “[W]e are real well known in Sanger.”  He further
testified that this was the full extent of the conversation and that nothing
said would affect his ability to serve as a juror.  Lynch did not object at
that time to this juror continuing to serve.  However, he raised the issue in
his motion for new trial.

            We will assume without deciding that
Lynch made a sufficiently timely complaint regarding this juror’s service by
raising the issue in his motion for new trial.  See Tex. R. App. P. 33.1(a)(1) (“timely
request, objection, or motion” required to preserve error).  However, the only
evidence in the record regarding the extent of the juror’s conversation with
his father is that they did not discuss the facts of the case.

            Their conversation is similar in scope
to that considered by the Court of Criminal Appeals in Chambliss v. State,
647 S.W.2d 257 (Tex. Crim. App. 1983).  In Chambliss, a juror approached
the victim’s sister during a trial break, introduced himself as a juror in the
trial, and asked if he could get her address sometime later.  Id. at
263-65.  He testified that he did so because he felt badly for her because her
brother had been murdered in their community and he wanted to apologize for
what had occurred   Id. at 265.  They did not discuss the facts of the
case, and he stated that his conversation with the victim’s sister played no
role in his deliberations.  Id.  The Court of Criminal Appeals
held that this was not a conversation “about the case.”  See id. at 266.

Here, there is nothing in the record to suggest
that the juror discussed the facts of Lynch’s case with his father.  Although
we do not condone their conversation, we hold that the conversation was not
“about the case” for purposes of article 36.22 or Rule 21.3(f).  Id.  Accordingly, we overrule Lynch’s sole issue and affirm the judgment.




 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the judgment only, without a separate opinion)

Affirmed

Opinion delivered and
filed August 8, 2007

Do not publish

[CR25]









[1]
              Apparently, the juror and his
father had some conversation about the fact that he had been selected to serve
as a juror in Lynch’s trial.